MARGARET FRATELLO AND ROCCO FRATELLO, HER HUS-
BAND, PLAINTIFFS-RESPONDENTS, v. THE CITY OF
NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-
APPELLANT.

Submitted May 2, 1944—Decided August 15, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellant, *Philip J. Schotland* (*Louis A. Fast,* of
counsel).

For the respondents, *Pearce R. Franklin.*

The opinion of the court was delivered by

COLIE, J.   On May 12th, 1942, the plaintiff Margaret Fra-
tello alighted from a bus at the southeast corner of Belmont
Avenue and Court Street in the City of Newark.  She stepped
up the curb and fell over an iron pipe imbedded in concrete
and which was raised above the level of the concrete about an
inch and a half or two inches.  From the evidence, it was
clearly deducible that there had been at that point an iron
stanchion about eight feet high which fitted into a metal pipe
or sleeve and was held in position by several bolts which
passed through the sleeve and anchored the stanchion in posi-
tion.  The stanchion bore on it a legend to the effect that the
area was reserved to the patrons of a nearby bank for parking
purposes and it is apparent from the evidence that the bank
had not been in operation for a year or more.  At or near
the southeast corner of Belmont Avenue and Court Street

there were other signs which were not permanently affixed in any one place, and the position of those movable signs had sometime prior to the accident been moved by the agents of the municipality. There was no direct evidence as to who removed the stanchion and sign and left protruding above the ground the sleeve over which plaintiff fell and sustained the injuries for which she and her husband brought suit. Assuming that there was evidence from which the trial judge might reasonably draw the inference that it was done by an agency of the municipality, nevertheless we are of the opinion that the judgment in favor of the plaintiffs was erroneous. It is settled that a municipality is not liable to respond in damages for injuries due to negligence on its part unless such negligence is the result of active wrongdoing or results from the performance of other than governmental functions. *Vickers* v. *Camden,* 122 *N. J. L.* 14. Leaving the sleeve protruding above the concrete in which it was imbedded was no more than non-feasance and lacks the element of active wrongdoing.

For the reasons stated, the judgment is reversed, with costs.

Mr. Justice Heher dissents from the judgment of reversal.